UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT C. CARNICK,

    Plaintiff,

v

UNITED STATES OF AMERICA,

    Defendant.

_____/

Case No. 07-12802

HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

R. STEPHEN WHALEN
MAGISTRATE JUDGE

## ORDER GRANTING DEFENDANT'S MOTION FOR DISMISSAL FOR LACK OF JURISDICTION [DE 2]

Before the Court is Defendant's Motion to Dismiss For Lack of Jurisdiction [DE 2]. The Parties' declined a hearing on the Motion and requested that the Motion be decided on the Briefs. For the reasons which follow, Defendant's Motion is GRANTED.

## I. BACKGROUND

This is a lawsuit against the United States Government for the recovery of internal revenue tax alleged to have been erroneously or illegally assessed. Robert C. Carnick alleges that he was assessed a trust fund recovery penalty ("TRFP") in the amount of $378,063.00 by the Internal Revenue Service based on Plaintiff's alleged involvement with Copco Door Company in Ferndale, Michigan. Plaintiff alleges that he remitted $498.00 to Defendant in overpaid taxes which were applied to the TRFP assessment. Plaintiff alleges that he should not have been subject to any TRFP assessment and is entitled to a full refund of all amounts collected by the Defendant and applied against this assessment since he was not a responsible party within Copco and did not act wilfully in the nonpayment of any tax. Plaintiff seeks judgment against the United States in the amount of $498.00 and for any additional amount that may be legally refundable.

In response to Plaintiff's Complaint, Defendant filed a Motion to Dismiss for Lack of Jurisdiction under Fed. R. Civ. P. 12(b)(1). Defendant alleges that there is no jurisdiction for this case to proceed because the Plaintiff failed to comply with the conditions the United States placed on its waiver of sovereign immunity by filing his Complaint prematurely.

On March 15, 2007, Plaintiff filed a Claim for Refund and Request for Abatement (IRS Form 843) with the Defendant seeking the refund and abatement of an unknown amount of trust fund recovery penalty assessments made against him. These assessments were made pursuant to 26 U.S.C. § 6672 for the quarterly tax period ending September 30, 1999. Three and a half months later, on July 5, 2007, Plaintiff filed the Complaint in this action seeking the refund and abatement of the same trust fund recovery penalty assessments. As of August 8, 2007, the Defendant has not rendered a decision on Plaintiff's claim for refund and abatement.

Plaintiff does not dispute that he filed his Complaint within six months after the filing of his underlying administrative claim, and that during this six-month period such judicial proceedings ordinarily may not commence under 26 U.S.C. § 6532(a)(1). Despite this concession, Plaintiff maintains that Defendant's Motion should be denied and the proceeding should be allowed to continue.

## II. DISCUSSION

### A. Fed. R. Civ. P. 12(b)(1) Standard of Review

The district court is not bound to accept as true the allegations of the complaint as to jurisdiction where a party properly, as through a Rule 12(b)(1) motion, raises a factual question concerning the court's jurisdiction. *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979). The court may look beyond the jurisdictional allegations and view whatever evidence has been submitted to determine whether in fact subject matter jurisdiction exists. *Id.* (citing *Gibbs v. Buck*, 307 U.S. 66, 72 (1939)). The party asserting jurisdiction has the burden of supporting his jurisdictional allegations with competent proof. *Id. See also Rogers v. Strattorn Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986) (when the defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction and the court may resolve factual disputes).

### B. This Court Lacks Jurisdiction Because the Complaint was Filed Prematurely

The United States, as sovereign, may not be sued, unless Congress has waived sovereign immunity with respect to the asserted claim, and the existence of such waiver is a prerequisite for a court's jurisdiction. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Where, by statute, the sovereign consents to being sued, the suit may be maintained if brought in exact compliance with the terms of the statute. *United States v. Sherwood*, 312 U.S. 584, 590 (1941). Any such consent must be unequivocally expressed by Congress and such consent is to be strictly and narrowly

*Robert C. Carnick v. United States of America*
Case No. 07-12802

construed in favor of the United States. *United States v. Idaho*, 508 U.S. 1, 6-7 (1993); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992). Where the United States has not consented to suit, the court lacks jurisdiction over the subject matter of the action and dismissal is required. *See Smith v. United States*, 507 U.S. 197 (1993).

Congress has provided a waiver to the United States' sovereign immunity where a taxpayer seeks the refund of federal taxes alleged to have been erroneously or illegally assessed or collected. 28 U.S.C. § 1346(a)(1). However, Congress conditioned this waiver of sovereign immunity on the requirement that the taxpayer file a claim for refund with the IRS before he proceeds with a suit for refund. 26 U.S.C. § 7422(a). The applicable statute states:

> (a) No Suit Prior to Filing Claim for Refund. - No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations or the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). After filing a claim for refund with the IRS, the taxpayer must then wait six months to initiate a suit for refund, unless the IRS renders a decision on the taxpayers claim before the expiration of that six month period. 26 U.S.C. § 6532(a)(1). The applicable statute states:

> (1) General Rule. - No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time. . . .

26 U.S.C. § 6532(a)(1).

The purpose of the six month waiting period provides the IRS with a reasonable period of time in which to process the claim and render a decision on the claim before the Department of Justice has to defend a suit brought on that claim. *See Gervasio v. United States*, 627 F.Supp. 428, 431 (N.D. Ill. 1986).

Plaintiff's Complaint demonstrates that he did not wait the requisite six months after filing his claim for refund and abatement with the IRS before filing his Complaint in this suit. Plaintiff's

administrative Claim for Refund and abatement was filed on March 15, 2007 with the IRS. Plaintiff only waited three and a half months to file his Complaint. Since the IRS did not adjudicate Plaintiff's claim for refund and abatement prior to the filing of his Complaint, his Complaint is premature. *Jurca v. United States*, 1999 U.S. App. Lexis 34060 (6th Cir. 1999).

Plaintiff alleges that his claim was lost by the IRS and that a lost claim should be treated as an exception to the six month rule similar to the administrative decision exception. Plaintiff cites no authority in support of this premise. A loss of a claim is not equivalent to an administrative denial, and therefore, the administrative decision exception was not met.

Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss for Lack of Jurisdiction be GRANTED.


SO ORDERED.

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: March 24, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 24, 2008, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager